[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14808
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2012
JOHN LEY
CLERK

D. C. Docket No. 9:08-cv-80970-KAM

CHE NASH,

Plaintiff-Appellant,

versus

PALM BEACH COUNTY SCHOOL DISTRICT,
PETER LICATA,
in his individual capacity,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 16, 2012)

Before EDMONDSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Che Nash, through counsel, appeals the grant of summary judgment in favor of his former employer, the Palm Beach County School Board ("Board"),[1] and the principal of his former school, Peter Licata, on Nash's First Amendment, hostile work environment, disparate treatment, and retaliation claims.[2] Nash brought his claims pursuant to 42 U.S.C. §§ 1981 and 1983 and the Florida Civil Rights Act ("FCRA").[3] No reversible error has been shown; we affirm.

Nash, who is of African-American and Caucasian descent, filed a complaint against the Board and Licata, alleging that, while Nash was employed as a teacher with the Board, defendants violated his First Amendment rights, created a hostile work environment, discriminated against him because of his race and gender, and retaliated against him after he filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Before addressing the merits of Nash's claims, we must first determine the scope of this appeal.

---

[1]Although Nash named the Palm Beach County School District as a defendant in his initial complaint, he later amended his complaint to name the Board as the proper defendant.

[2]We review de novo the district court's grant of summary judgment. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). And we view the evidence in the light most favorable to the non-moving party. Id.

[3]Employment claims brought under sections 1981 and 1983 and the FCRA involve the same analysis as Title VII disparate treatment claims. See Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 843 n.11 (11th Cir. 2000) (42 U.S.C. §§ 1981 and 1983); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (FCRA).

We conclude that Nash abandoned his First Amendment, hostile work environment, and gender discrimination arguments because he fails to argue that the district court erred in denying his claims. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) (stating that "issues not raised on appeal are abandoned"); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that passing references to issues in an appellate brief are insufficient to raise a claim on appeal). To the extent that Nash attempts to raise a First Amendment freedom of association claim, he did not present such a claim below; and we will not review it. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (explaining that we will not consider arguments on appeal that were not fairly presented below). Nash also expressly abandons his argument that the defendants "excessed"[4] him in retaliation for his filing an EEOC complaint. And -- because Nash failed to raise properly the argument in district court -- we cannot review his argument that defendants retaliated against him by giving him a negative evaluation. See Access Now, Inc., 385 F.3d at 1331.

Thus, the only issue truly appealed is Nash's disparate treatment claim based on race. Nash alleged that the defendants discriminated against him because

_____

[4]This "verb" is explained later in our opinion.

3

of his race when they "excessed" him from his position as a high school physical education ("P.E.") teacher, which he alleges was equivalent to firing him. The district court concluded that Nash failed to make a prima facie case of disparate treatment because he failed to establish that he suffered an adverse employment action.[5]

An adverse employment action is one that involves "a serious and material change in the terms, conditions, or privileges of employment." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original). "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." Id. A transfer can be an adverse employment action "if it involves a reduction in pay, prestige or responsibility." Hinson v. Clinch Cnty. Bd. of Educ., 231 F.3d 821, 829 (11th Cir. 2000). In the vast majority of cases, however, a temporary change in work assignment that creates no tangible harm and does not alter the employee's permanent job title, is not legally adverse. Davis, 245 F.3d at 1245.

---

[5]Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), applies.

As an initial matter, nothing evidences that Nash was terminated or that being "excessed" was tantamount to being fired. That Nash was employed by the Board -- not a particular school -- and that his employment with the Board ended only when Nash resigned is undisputed. It is also undisputed that the term "excessed" refers to a process whereby teachers -- identified based on subject area and seniority -- may be transferred to another school based on fluctuations in student population. Nash concedes that he was the least senior P.E. teacher at the pertinent high school and that, after he was "excessed," he was reassigned to teach middle school science.

Nash contends that his transfer constituted an adverse employment action because it meant that he would no longer be "doing what [he] loved," which was teach P.E. and coach athletics. This argument is contradicted by the record, which establishes that even after his transfer, Nash would retain his position coaching high school basketball. Moreover, Nash's subjective viewpoint is not controlling. See Davis, 245 F.3d at 1239.

Viewing the evidence in the light most favorable to Nash, he failed to show that a reasonable person would consider his transfer materially adverse. Nash concedes that he would retain the same salary, benefits, job responsibilities, and work days after the transfer. He was also certified to teach middle school science.

In fact, Nash first started his employment with the Board as a middle school science teacher and, thus, was merely being reassigned to his original school and subject area. Because Nash failed to demonstrate that his transfer resulted in any tangible harm, he failed to establish a prima facie case of employment discrimination.[6]

AFFIRMED.

---

[6]Nash fails to demonstrate that Licata's conduct violated his constitutional rights and, thus, we need not address whether Licata was entitled to qualified immunity.